UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JONATHAN ALLEN ZAMPIERI,<br><br>                    Plaintiff,<br><br>-against-<br><br>CO (CORRECIONTAL OFFICER) B. DISHER<br>who worked AM shift at USP Thomson in<br>March 2022; CORRECTIONAL OFFICER<br>SMITH worked AM shift at USP Thomson in<br>March 2022,<br><br>                    Defendants. | 1:23-CV-3967 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff Jonathan Allen Zampieri, who is currently incarcerated in the Federal

Correctional Institution in Otisville, New York, filed this *pro se* action asserting that the

defendants violated his federal constitutional rights, and he seeks damages. He sues:

(1) Correctional Officer B. Disher, who is allegedly assigned to the United States Penitentiary in

Thomson, Illinois ("USP Thomson"); and (2) Correctional Officer Smith, who is also allegedly

assigned to USP Thomson. The Court construes Plaintiff's complaint as asserting claims under

*Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). For the

following reasons, the Court transfers this action, under 28 U.S.C. § 1406(a), to the United States

District Court for the Northern District of Illinois.

## DISCUSSION

Under 28 U.S.C. § 1391, unless otherwise provided by law, a federal civil action may be

brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents
> of the State in which the district is located; (2) a judicial district in which a
> substantial part of the events or omissions giving rise to the claim occurred, or a
> substantial part of property that is the subject of the action is situated; or (3) if

there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Under Section 1391(c), a "natural person" resides in the federal judicial district where the person is domiciled, and any other "entity with the capacity to sue and be sued," if a defendant, resides in any federal judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* § 1391(c)(1), (2).

Plaintiff does not plead the residence of either of the defendants, only asserting that the alleged events giving rise to his claims occurred at USP Thomson. Because the defendants are allegedly employed at USP Thomson, which is located in Thomson, Illinois, and because Plaintiff alleges that the events giving rise to his claims occurred there, from the face of the complaint, it is clear that venue is not proper in this court under Section 1391(b)(1) or (2).

Under 28 U.S.C. § 1406(a), if a plaintiff files a case in the wrong venue, the Court "shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Plaintiff's claims allegedly arose at USP Thomson, in Thomson, Carroll County, Illinois, which is within the Northern District of Illinois. *See* 28 U.S.C. § 93(a)(2). Accordingly, under Section § 1391(b)(2), venue lies in the United States District Court for the Northern District of Illinois, and in the interest of justice, this Court transfers this action to that court. *See* § 1406(a).

## CONCLUSION

The Court directs the Clerk of Court to transfer this action to the United States District Court for the Northern District of Illinois. *See* 28 U.S.C. § 1406(a). Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. Summonses shall not issue from this court. This order closes this action in this court.

The Court certifies, pursuant to 28 U.S.C § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   May 15, 2023
         New York, New York

                                    /s/ Laura Taylor Swain
                                       LAURA TAYLOR SWAIN
                              Chief United States District Judge